UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCBAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BEHR PAINT CORPORATION, et al.,<br><br>    Defendants. | Case No. 16-cv-07036-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Defendants Behr Paint Corporation ("Behr Paint"), Behr Process Corporation ("Behr Process"), and Masco Corporation ("Masco") (collectively, "Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6). Mot., Dkt. No. 14. Plaintiff Ryan McBain ("Plaintiff") filed an Opposition (Dkt. No. 20) and Defendants filed a Reply (Dkt. No. 22). The Court heard oral argument on March 23, 2017. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS IN PART** Defendants' Motion for the following reasons.

## BACKGROUND

Plaintiff alleges he has been employed by "Behr" as a field representative to stock and maintain Behr products in specific Home Depot stores in California and to answer questions about Behr products. Compl. ¶¶ 1, 7, 20, Dkt. No. 1. Plaintiff alleges Defendants regularly require representatives (or "Reps") to work overtime hours both inside Home Depot stores and outside of stores. *Id.* ¶¶ 20-33. He alleges Defendants misclassified him and other Reps as exempt from overtime requirements under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the California Labor Code. *Id.* ¶¶ 1-7. He brings this FLSA Collective action on behalf of all current and former Reps in California who were misclassified as exempt, are entitled to unpaid

wages for which they did not receive overtime compensation, and are entitled to liquidated damages pursuant to the FLSA. *Id*. ¶ 4. He also asserts claims under the California Labor Code and California's Unfair Competition Law. *Id*. ¶¶ 5-6. Plaintiff alleges each Defendant is an employer within the meaning of the FLSA and California law. *Id*. ¶¶ 8-9, 76-77, 89-90.

## LEGAL STANDARDS

### A. Rule 8

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

### B. Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any

2

1 evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

**C. Rule 12(b)(6)**

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend

3

for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Defendants acknowledge Plaintiff was employed by Behr Paint; that Masco is Behr Paint's parent company; and that Behr Process is an affiliate of Behr Paint. *See* Mot. at 1. Defendants move to dismiss the Complaint for failure to state a claim against Masco and Behr Process because Plaintiff has insufficiently pleaded that these Defendants are his employers. Defendants also move to dismiss Plaintiff's state law claims for lack of subject matter jurisdiction on the ground the Complaint does not demonstrate compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Finally, Defendants argue this Court cannot, or in the alternative should not, exercise supplemental jurisdiction over Plaintiff's state law claims because they do not arise from the same nucleus of operative facts and the state law claims predominate over the single federal claim.

**A.     Extrinsic Material**

In the Complaint, Plaintiff alleges Reps are paid by Behr Paint, but that their "performance reviews, benefits documents, employee handbook, and documents relating to their annual compensation list 'Masco Coatings Group' as their employer. The online employment application submitted by Reps before their hire lists 'Masco Architectural Coatings Group' as the employer. Monthly 'commission' invoices are sent by 'Masco Architectural Group.'" Compl. ¶ 53. Plaintiff also refers to the Behr Process website and Masco's SEC 10-K filing. *Id*. ¶ 54 (website indicates Masco acquired Behr Process in 1999, and 10-K filing indicates Masco owns a number of companies, including Behr Process and Behr Paint). Although Plaintiff attaches two exhibits to his Complaint (*see* Compl., Exs. A-B), these documents are not among them. Nonetheless, Plaintiff relies upon them in his Opposition, arguing the Court may consider the documents because they are "explicitly referenced" in the Complaint and "central" to his joint employer

4

1 allegations. Opp'n at 2, 9 (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Plaintiff's

2 listing of these generic categories of documents does not incorporate these documents by reference

3 into the Complaint:

> A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." "The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Id.* However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document."

9 *Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, 2017 WL 86033, at *5 (N.D. Cal. Jan. 10, 2017)

10 (quoting *United States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003) and *Coto Settlement v.*

11 *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). Plaintiff does not reference these documents

12 extensively in the Complaint, nor do they form the basis of his claims. Plaintiff references the

13 documents in support of "other common factual allegations supporting the additional class and

14 PAGA claims" and to illustrate why he and other Reps are unsure about the identity of their

15 actual, legal employer. Compl. ¶¶ 53, 56; *see also id.* at ¶ 96, 102 (referencing employee

16 handbook). The Court also sustains Defendants' hearsay objections; Plaintiff fails to lay a

17 foundation for his interpretation of the meaning of these documents, i.e., that they demonstrate

18 Masco and Behr Process were his employers. *See* Reply at 4 n.2. Under these circumstances, the

19 Court finds Plaintiff has not incorporated these documents by reference into his Complaint, and

20 the Court will not consider them on a motion to dismiss.

21 In addition, Plaintiff asks the Court to take judicial notice of (1) pages from the Behr

22 Process website, which counsel accessed on February 17, 2017; (2) Masco's SEC Form 10-K; (3)

23 Richard Maus' public LinkedIn page, wherein he lists himself as Vice President for Behr Process;

24 (4) a page of Masco Corp.'s website which identifies Richard Maus as being "from Behr Process",

25 and the fact jobs listed on the Masco website "include[] the same positions available through Behr

26 Process['] website for" sales representative positions; and (5) forms submitted by Defendants to

27 the California Secretary of State. Opp'n at 5-6, 8; Grimes Decl. ¶¶ 5-7, 12 & Exs. D-F, K, Dkt.

28 No. 20-2; Request for Judicial Notice, Dkt. No. 21. The Court grants Plaintiff's request to take

judicial notice of the adjudicative facts contained in these documents, as they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201.

Richard Maus, the Vice President of People Services for Behr Paint Corporation, submits a declaration in support of Defendants' Motion to Dismiss. Maus Decl., Dkt. No. 14-1. The Court may consider the Maus Declaration when ruling on Defendants' Rule 12(b)(1) Motion, but not on their Rule 12(b)(6) Motion. *See supra*. Maus declares, based on personal knowledge, that there are 51 individuals with the job positions Plaintiff identifies in the Complaint. Maus Decl. ¶ 7.

## B. Employment Relationship

Defendants argue that Behr Paint is the employer of record for all members of the potential class and collective, and that the allegations of the Complaint do not plead facts to show Behr Process and Masco had an employment relationship with Plaintiff. *See* Mot. at 2-5. Accordingly, Defendants argue the Complaint should be dismissed for failure to state a claim against Behr Process and Masco.

### 1. Applicable Law

A defendant must be an "employer" of the plaintiff to be liable under the FLSA. *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). "Two or more employers may be 'joint employers' for the purposes of the FLSA. All joint employers are individually responsible for compliance with the FLSA." *Johnson v. Serenity Transp., Inc.*, 2016 WL 270952, at *10 (N.D. Cal. Jan 22, 2016) (citations omitted).

A defendant is an employer for purposes of the FLSA if it "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Bonnette*, 704 F.2d at 1470. In addition to pleading facts showing the applicability of the *Bonnette* factors, a plaintiff seeking to hold multiple entities liable as joint employers must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant. *Johnson*, 2016 WL 270952, at *11. "A court should

consider all [the *Bonnette*] factors which are 'relevant to [the] particular situation' in evaluating the 'economic reality' of an alleged joint employment relationship under the FLSA." *Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997). A plaintiff need only allege facts demonstrating "some" of the *Bonnette* factors apply in order to survive a motion to dismiss. *Johnson*, 2016 WL 270952, at *11.

A defendant is an employer under California law if it (1) exercised control over a plaintiff's wages, hours, or working conditions; (2) suffered or permitted him to work; or (3) engaged him, thereby creating a common law employment relationship. *See Martinez v. Combs*, 49 Cal. 3d. 35, 64 (2010).

### 2. Allegations of the Complaint and Judicially Noticeable Facts

Plaintiff alleges each Defendant is his employer under the FLSA and the California Labor Code, but because various entities have been presented as his employer, he is "unsure of [his] actual, legal employer." Compl. ¶¶ 8-9, 56. He alleges Reps' pay stubs list Behr Paint Corporation, but that their "performance reviews, benefits documents, employee handbook, and documents relating to their annual compensation list 'Masco Coatings Group' as their employer." *Id.* ¶ 53. He alleges the job applications Reps submitted list "Masco Architectural Coatings Group" as the employer, and that their monthly commission invoices are sent by "Masco Architectural Group." *Id.* The Complaint alleges Behr's website states Masco acquired Behr Process in 1999, and that Masco's SEC 10-K filing represents Masco owns Behr Process and Behr Paint. *Id.* ¶ 54. One of the attachments to the Complaint shows Behr Process operates as a d/b/a of "Masco Coatings Group." *See* Compl. Ex. B at 2 (PAGA letter).

The judicially noticeable facts show that Behr Paint, Behr Process, and Masco hold themselves out to be related companies, a fact Defendants do not dispute (*see* Mot. at 1). For example, the 10-K form states that Masco owns both Behr Paint and Behr Process, and that Defendants share directors, officers, and employees (including Maus). Masco's website appears to list job postings that are also available on Behr Process' website and redirects users to a mascocoatingsgroup.net website. *See also* Opp'n at 5 (Behr's website contains a link that routes users who click on "careers" to a mascocoatingsgroup.net site).

7

3. Application of *Bonnette* Factors to Behr Process and Masco

Accepting as true the well-pleaded allegations of the Complaint, the documents attached to the Complaint, and the judicially noticeable facts, Plaintiff has adequately alleged (1) numerous employment documents he received listed "Masco Coatings Group" as his employer, including performance reviews, employee handbook and benefits documents; and (2) Behr Process is a d/b/a for Masco Coatings Group. Plaintiff has sufficiently alleged Behr Process, as a d/b/a for Masco Coatings Group, maintained employment records, including the records necessary to produce his performance reviews and benefits documents. *See Bonnette*, 704 F.2d at 1470. Similarly, the allegation that Plaintiff's performance review listed Behr Process, as a d/b/a for Masco Coatings Group, as Plaintiff's employer at this stage is sufficient to show Behr Process controlled his rate of payment and had the power to terminate him. Plaintiff has not alleged facts sufficient to show that Behr Process, whether under its own name or as a d/b/a for Masco Coatings Group, controlled his work schedule or conditions. *Cf.* Opp'n at 2 (arguing each category of documents described in Complaint "deal with the day-to-day control and supervision" of field representatives). The Complaint states facts showing the existence of some of the *Bonnette* factors, and sufficiently alleges Behr Process was Plaintiff's employer under the FLSA and the California Labor Code.

The Court finds, however, that the Complaint does not allege facts showing the existence of any of the *Bonnette* factors with respect to Masco. Plaintiff "suggests" Masco Coatings Group, Masco Architectural Coatings Group, and Masco Architectural Group are subdivisions of Masco, and that Masco is a parent company that controls Behr Process and Behr Paint. *See* Opp'n at 14-15. But Plaintiff has not alleged any facts establishing anything more than a parent-subsidiary corporate relationship between the Behr Defendants and Masco. This is insufficient to establish joint employer status under the *Bonnette* factors or under California law. *See Laird v. Capital Cities/ABC, Inc*., 68 Cal. App. 4th 727, 737-38 (1998) ("An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law. Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result. In particular, there is a strong

presumption that a parent company is not the employer of its subsidiary's employees."). He also has alleged no facts showing Masco, as opposed to Masco Coatings Group, had the power to hire or fire him; controlled his work schedule or conditions; controlled his rate or method of payment; or maintained his employment records.

### 4. Ostensible Agency

Plaintiff argues the fact Defendants used "Behr Process", "Masco Coatings Group," "Masco Corp.," "Masco Architectural Coatings Group," and "Behr Paint" on a "wide array of the documents that define the employment relationship at issue" establishes an ostensible agency between Masco and the Behr Defendants. Opp'n at 16. This fact does not change the Court's analysis. First, Plaintiff's argument that the documents at issue "define the employment relationship" is conclusory and lacks foundation. Second, that Plaintiff received documents naming Masco Coatings Group and Masco Architectural Coatings Group is insufficient to establish ostensible agency as to Masco Corp. Third, Plaintiff has not alleged facts sufficient to plead an ostensible agent theory as to Masco. To plead ostensible agency, a plaintiff must show: (1) the person dealing with an agent had a reasonable belief in the agent's authority; (2) the belief was generated by some act or neglect by the principal; and (3) the person relying on the agent's apparent authority was not negligent in that belief. *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1239-40 (N.D. Cal. 2015) (applying California law). Plaintiff argues *Ochoa* shows he can demonstrate ostensible agency between Masco and the Behr Defendants. Opp'n at 16 (arguing the *Ochoa* Court found a triable issue of fact as to ostensible agency "given the prevalence of the McDonald['s] name on the paystubs, orientation materials, products, and website.") The *Ochoa* Court found a triable issue existed because employees declared "they wear McDonald's uniforms, serve McDonald's food in McDonald's packaging, receive paystubs and orientation materials marked with McDonald's name and logo, and, with the exception of Ms. Rodriguez, applied for a job through McDonald's website." *Ochoa*, 133 F. Supp. 3d at 1240. Plaintiff has not alleged Reps wore Masco uniforms, received paystubs from Masco, sold Masco paint, or applied for their positions through the Masco website. In fact, Plaintiff does not allege any dealings with Masco— only with Behr Process, Behr Paint, Masco Coatings Group and Masco Architectural Coatings

9

Group. *See* Compl.; Opp'n at 5-9. Plaintiff has failed to plead facts supporting an ostensible agency relationship involving Masco.

5. Summary

For the foregoing reasons, the Court grants the Motion to Dismiss for failure to state a claim as to Masco and denies the Motion as to Behr Process. The Motion is denied with leave to amend.

**C.  CAFA**

Under CAFA, this Court may not exercise diversity jurisdiction unless the aggregate number of class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B); *see also Mackall v. Healthsource Global Staffing, Inc*., 2016 WL 4579099, at *2 (N.D. Cal. Sept. 2, 2016) (CAFA "gives federal courts original jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs"). Defendants move to dismiss the Complaint because the putative class consists of fewer than one hundred people. *See* Mot. at 7-8; Maus Decl. ¶ 7. Plaintiff agrees, based on the Maus Declaration, that jurisdiction does not appear to lie under CAFA. *See* Opp'n at 21 n.4. Accordingly, Defendants' Motion to Dismiss the Complaint on this ground is granted.

**D.  Supplemental Jurisdiction**

Plaintiff's FLSA claim is based on failure to pay overtime wages; this is also the basis of one of his claims under the California Labor Code. *See* Compl. ¶¶ 75-87 (FLSA), 88-91 (Cal. Labor Code). Plaintiff asserts four additional claims under the California Labor Code for failure to provide meal periods and rest periods; failure to provide accurate itemized wage statements; failure to pay all wages due upon termination; and failure to reimburse business expenses. *See id*., ¶¶ 92-115. He also asserts a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, based on "failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep required payroll records, failing to pay all wages upon termination, failing to pay all wages twice per month, and failing to

10

1   indemnify Reps for business expenses in violation of California law and/or the FLSA." Compl.

2   ¶ 119. Defendants argue this Court lacks supplemental jurisdiction over Plaintiff's state law

3   claims because they do not arise from the same nucleus of operative fact as his FLSA overtime

4   claim. *See* Mot. at 8-11 (citing *Wong v. HSBC Mortg. Corp. (USA)*, 2009 WL 151014, at *1-2

5   (N.D. Cal. Jan. 21, 2009) and other cases). In the alternative, they argue the Court should decline

6   to exercise supplemental jurisdiction over Plaintiff's eight state law claims because these

7   "substantially predominate" over the FLSA claim. *Id*. at 11-13.

8         The relevant inquiry in determining whether causes of action "all arise out of the same

9   nucleus of facts" is "not whether the claims involve some similar factual basis, but whether the

10   state and federal claims are alternative theories of recovery for the same acts." *Wiley v. Trendwest*

11   *Resorts, Inc.*, 2005 WL 1030220, at *4 (N.D. Cal. May 3, 2005) (citing one of the opinions

12   Defendants cite in their Motion, *Lyons v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) ("[W]hen the

13   same acts violate federal and state laws, the common nucleus of operative facts is obvious and

14   federal courts routinely exercise supplemental jurisdiction over the state law claims.")). Some of

15   Plaintiff's state law claims may be "so related" to the FLSA claim "that they form part of the same

16   case or controversy under Article III." 28 U.S.C. § 1367(a). Specifically, Plaintiff's state

17   overtime claim (the Second Cause of Action) and UCL claim (the Eighth Cause of Action)—to the

18   extent it is based on Defendants' violation of the FLSA—are so related to his FLSA claim that

19   supplemental jurisdiction is appropriate.

20         Defendants argue supplemental jurisdiction does not exist over the state-law overtime

21   claims because, to determine whether Plaintiff and other Reps were misclassified under the outside

22   sales exemption, the fact finder will apply different tests for the FLSA and state law claims. *See*

23   Mot. at 9 (citing *Wong*, 2009 WL 151014, at *2 ("The federal test is qualitative in nature, focusing

24   on a determination of whether an employee's primary duty is sales and whether such employee is

25   customarily and regularly engaged away from his employer's place or places of business. By

26   contrast, California law differs substantially, because it employs a quantitative method focusing on

27   whether the employee spends more than half the number of hours worked engaged in outside

28   sales" (quoting *Ramirez v. Yosemite Water Co*., 20 Cal. 4th 785, 796 (1999)))). Plaintiff argues

the "slightly different" test is not as important as the underlying common issue that must be decided similarly under federal or state law: whether he and other Reps were engaged in sales in the first place. Opp'n at 19 (citing *Campanelli v. The Hershey Co.*, 765 F. Supp. 2d 1185, 1189 n.10 (N.D. Cal. 2011)). The Court finds it may exercise supplemental jurisdiction over these two state law claims because these are simply alternative theories of recovery for the same acts upon which Plaintiff bases his FLSA claim.

But Plaintiff also alleges other acts by Defendants that violate only the California Labor Code, not the FLSA. Although Plaintiff argues almost all of these claims are derivative of the core misclassification claim, a review of the Complaint demonstrates the state law claims are not strictly derivative. For example, Plaintiff alleges Defendants fail to provide meal and rest periods, and that Reps do not take such breaks "because of the amount of work they are assigned to complete, and because of Behr's lack of a policy" providing Reps with such breaks. Compl. ¶¶ 52, 92-103. Evaluating the merits of these two claims will require the Court to determine the meaning of "provide" under the Labor Code, and the fact finder to evaluate a host of factual issues and evidence not relevant to the FLSA or overtime claims. *See Wong*, 2009 WL 151014, at *2. Plaintiff also alleges the wage statements Defendants provide are not accurate because the employer and employer address are not complete and accurate, and because they fail to include the actual hours worked, including overtime wages earned and all applicable hourly rates, etc. *Id*. ¶¶ 53, 58, 104-110. The accuracy of the employer's name and address are not elements of Plaintiff's FLSA claims. Plaintiff alleges Defendants fail to reimburse Reps for reasonable business expenses. *Id*. ¶¶ 59, 111-115. At oral argument, Plaintiff conceded the failure to reimburse claim shares no common facts with the FLSA (or Labor Code) overtime claims. In addition to being based on Defendants' violation of the FLSA, Plaintiff's UCL claim also is premised on Defendants' "unlawful, unfair, deceptive, and/or fraudulent business practices" that "include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep required payroll records, failing to pay all wages upon termination, failing to pay all wages twice per month, and failing to indemnify Reps

12

for business expenses in violation of California law and/or FLSA." *Id*. ¶ 119. His California Private Attorney General Act ("PAGA") claim seeks to recover penalties for Defendants' same violations of the California Labor Code. *Id*. ¶ 125.

This is not a situation where Plaintiff's state law claims "essentially replicate" his FLSA claim. *Compare Lindsay v. Gov't Emps. Ins. Co*., 448 F.3d 416, 424-25 (9th Cir. 2006) (state law claims did not predominate over the FLSA claims because state law claims "essentially replicate[d] the FLSA claims"), *with Wiley*, 2005 WL 1030220, at *5 (three causes of action asserting numerous violations of California law at heart of commissions dispute predominated over FLSA claim) *and Wong*, 2009 WL 151014, at *1-2 (declining to exercise supplemental jurisdiction where FLSA claim only required court to decide whether one of two specific FLSA exemptions applied to plaintiff, whereas the ten state law claims raised "a far greater number of issues, some of which are novel" under laws of three different states and defendants relied on "a significantly greater number of exemptions" under those state laws). Plaintiff's state law claims would require the Court to evaluate many aspects of his employment with Defendants that are unrelated to his overtime claims, and would implicate additional defenses that are not at issue with the FLSA claim.

The Court declines to exercise supplemental jurisdiction over the non-overtime state law claims because these claims would "substantially predominate[] over the" FLSA claim of which this Court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(2); *see also Wong*, 2009 WL 151014, at *3 (if "state law claims remain joined with the [FLSA] claim herein, the federal tail will wag what is in substance a state dog." (internal quotations marks and citation omitted)). The Court asked Plaintiff to state his position regarding the Court's exercise of supplemental jurisdiction over his Labor Code overtime claim if the Court declined to exercise supplemental jurisdiction over the remainder of Plaintiff's state law claims. Plaintiff asked the Court to exercise supplemental jurisdiction over his overtime claim and his UCL claim, to the extent it is premised on violations of the FLSA or Labor Code overtime claims. Dkt. No. 24.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss for Failure

13

to State a Claim against Masco, with leave to amend, and DENIES the Motion as to Behr Process. The Court also GRANTS the Motion to Dismiss for Lack of Subject Matter Jurisdiction based on CAFA.  Finally, the Court will exercise supplemental jurisdiction over the Second Cause of Action (Labor Code overtime), and Eighth Cause of Action (UCL) to the extent it is under the unlawful prong of the UCL based on a violation of the FLSA or overtime Labor Code claim, but declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff shall file any amended complaint no later than April 24, 2017.

**IT IS SO ORDERED.**

Dated: April 3, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge