Mia Farber (SBN 131467)
farberm@jacksonlewis.com
Damien P. DeLaney (SBN 246476)
damien.delaney@jacksonlewis.com
Vi Applen (SBN 273623)
vi.applen@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5408
Tel: (213) 689-0404
Fax: (213) 689-0430

Attorneys for Defendants Behr Paint Corporation and
Behr Process Corporation

Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
William C. Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
Byron Goldstein (SBN 289306)
brgoldstein@gbdhlegal.com
Ginger L. Grimes (SBN 307168)
ggrimes@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCBAIN, individually, and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>BEHR PROCESS CORPORATION (dba MASCO COATINGS GROUP"), a corporation, BEHR PAINT CORPORATION, a corporation; MASCO CORPORATION, a corporation; and DOES ONE through TEN inclusive,<br><br>    Defendants. | Case No.:  3:16-CV-07036-MEJ<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   May 18, 2017<br>Time:   10:00 AM<br>Dept:   Dept B<br>Before: Hon. Maria-Elena James<br><br>Trial Date: None Set |

## JOINT CASE MANAGEMENT STATEMENT

Plaintiff Ryan McBain, individually and on behalf of all others similarly situated ("Plaintiff"), and Defendants Behr Paint Corporation and Behr Process Corporation ("Defendants"), by and through their respective counsel of record, submit the following Joint Case Management Statement pursuant to Local Rule 16-9 in advance of the Case Management Conference scheduled for May 18, 2017 at 10:00 a.m.  In this Joint Case Management statement, the Parties address the topics identified in the January 17, 2017 standing order for all judges of the Northern District of California.

### I.    JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's California Labor Code overtime claim and his California Unfair Competition Law claim under 28 U.S.C. § 1367.  All Defendants have been served.   The Parties do not dispute personal jurisdiction or venue. Defendants filed their Answers on May 1, 2017.

### II.   FACTS

Plaintiff's Statement

Defendants employ Sales Representatives ("Reps") to work in Home Depot stores in California.  Defendants classify all Reps as exempt from overtime.  Reps regularly work more than forty hours per week and eight hours per day.  Defendants have never paid Reps overtime pay for hours worked over eight hours in one day or forty hours in one week.

Plaintiff alleges that Defendants misclassified Reps as exempt from the overtime protections of the FLSA and California law.  Plaintiff alleges that he and other similarly situated current and former Reps in California are entitled to unpaid wages at the overtime rate for overtime work performed during the class period.  To establish their prima facie case to overtime, Plaintiff and the class will establish facts concerning the hours they worked and the way in which they were paid.

1   Reps' duties consist primarily of stocking, displaying, organizing, and
2   merchandizing Behr products.  Reps do not engage in "sales activity" or "selling" Behr
3   products to customers.  Behr has already sold to The Home Depot the Behr products
4   that Reps are merchandizing.  Such sales are pursuant to sales contracts that Reps are
5   not involved in negotiating.  Members of the public purchase those products from The
6   Home Depot.  Reps do not have the authority to ring up Home Depot customers.

7   Part of Reps' pay is called "commissions," but such pay is not a real commission
8   under the Labor Code.  The "commissions" are calculated as a percentage of the sale of
9   Behr products that Behr sells to Home Depot stores in the Rep's assigned geographic
10  region.  Behr is not a retail establishment.  The "commission" payments do not make up
11  more than half of a Rep's compensation.

12  Reps do not exercise independent judgment or discretion with respect to matters
13  of significance.  Reps do not make policy decisions.  Reps are low-level merchandisers
14  who lift, carry, rearrange, and clean the Behr products and displays in their assigned
15  stores.  They are primarily engaged in those tasks, not office or non-manual work.  Reps
16  closely follow Behr instructions on how products should be displayed and how
17  marketing materials should be deployed.  Reps do not need specialized knowledge or
18  training to perform their job duties.

19      Defendants' Statement

20  Defendants dispute Plaintiff's claims in their entirety.  Behr Process Corporation
21  ("Behr Process") is a leading national paint manufacturer and distributer.  Through a
22  service agreement with Behr Process, Behr Paint Corporation, through its Reps,
23  promote and educate, among other things, consumers and employees of HD on the
24  attributes of Behr products to drive and promote sales of those products.

25  Reps perform a wide variety of tasks in HD stores, virtually none of which are
26  accurately described in Plaintiff's statement of the case.  They spend the vast majority
27  of their time as product ambassadors for Behr products in HD stores.  Each Rep is
28  assigned to 5-7 HD stores and spends a few hours each week in each store.  While in the

store, the Rep spends his or her time making connections with HD managers, associates, and customers. They meet with HD managers to discuss strategies for how to increase Behr paint sales in the store. They conduct training with HD associates to teach them the attributes of Behr products so that they are better equipped to answer customer questions. They also directly assist both professional and "DIY" customers to help them formulate strategies for their projects with the ultimate goal of encouraging the customer to buy gallons of Behr paint. Plaintiff is correct that Behr Reps do not literally sell the product; the sales are actually conducted by HD associates. Nonetheless, Behr Reps play a pivotal role in facilitating the sale of Behr paints to the end customer.

Behr Reps have significant freedom and discretion to schedule their work as they see fit. Behr Reps are not handed schedules by their managers. The only check on this discretion is that Behr Reps are required to submit a schedule two weeks in advance through an electronic scheduling application (the "scheduler app"). Behr requires that Reps submit their schedules in advance in order to facilitate a "secret shopper" customer service survey conducted by Behr consultant J.D. Power. Notwithstanding, Reps still retain some flexibility to adjust their schedule as needed.

Moreover, Reps work under very little direct oversight. They report directly to regional sales managers who they rarely meet with in person and with whom they primarily communicate by telephone and email. Perhaps owing to this flexibility and loose supervision, some Reps do not perform the full expectations of the position. Plaintiff McBain, for instance, had sales numbers that far underperformed the other Reps in his region. At the same time, McBain routinely scheduled himself to work fewer than 40 hours per week. Further, to the extent that McBain spent his time stocking shelves and cleaning displays—tasks that are ordinarily assigned to HD associates—he was not performing according to his position duties or Behr's reasonable expectations.

## III.   LEGAL ISSUES

The primary legal issues in dispute are: (1) whether Reps were misclassified as

exempt from overtime under federal and California law, and if so, whether the misclassification was willful; (2) whether this case may be certified as an FLSA collective action pursuant to 29 U.S.C. § 216(b); and (3) whether this case may appropriately be adjudicated on a class basis under Federal Rule of Civil Procedure Rule 23.

## IV.   MOTIONS

Defendants filed a Motion to Dismiss on February 7, 2017. This Court issued its Order on the Motion to Dismiss on April 3, 2017, dismissing Defendant Masco Corp. from the case and dismissing certain state law claims for lack of supplemental jurisdiction. The Court's Order denied the motion to dismiss Defendant Behr Process Corp. and denied the motion to dismiss the Plaintiff's state overtime claim and state Unfair Competition claim to the extent the latter is premised on Plaintiff's state and federal overtime claims. There are no other motions pending.

Plaintiff anticipates filing a motion for conditional certification under 29 U.S.C. § 216(b). Plaintiff also anticipates filing a motion for class certification, as discussed in more detail below. Plaintiff then expects to file a motion for summary judgment on the inapplicability of Defendants' exemption defenses. With respect to Defendants' below-referenced potential Motion to Compel Arbitration, Plaintiff's position is that Defendants have waived any arbitration arguments by deciding not to file a motion to compel arbitration, and instead filing a motion to dismiss that successfully narrowed the claims and defendants in the case, by then answering the complaint, and by continuing to litigate the case in this venue.

Defendants maintain that this dispute must be submitted to mediation and binding arbitration according to the provisions of Behr's Dispute Resolution Program, which McBain and Behr entered on April 6, 2014. Defendants are contemplating filing a Motion to Compel Arbitration. Defendants dispute Plaintiff's contention that Defendants have waived any arbitration arguments in this matter. Furthermore, in Defendants' motion to dismiss, Defendants specifically state that they are not waiving

their right to compel arbitration.  Further, Defendants anticipate filing a motion for summary judgment on the ground that Plaintiff and the putative class members were properly certified.  Defendant further reserves the right to file motions to decertify the class and/or the FLSA collective action if certified.

## V.    AMENDMENT OF PLEADINGS

Plaintiff does not intend to file an amended complaint at this time, but Plaintiff has had no opportunity for discovery yet, and discovery may reveal facts that justify an amendment, either of the factual allegations, the class definition, or the identity of the Defendants.  Plaintiff sees no need for a separate deadline for amendments, given that Rule 15 provides the applicable standard for amending the Complaint.  However, if the Court is inclined to set a deadline, Plaintiff suggests that the deadline should be October 18, 2017.  Defendant argues, below, that the deadline should be June 30, 2017, but Plaintiff has not even been permitted to begin discovery yet, as a result of Defendants' motion to dismiss.  Discovery will commence only on May 18, 2016.  Therefore, Plaintiff's proposed date of October 18, 2017 is less than 6 months after discovery will commence, and is reasonable.

Defendants maintain that it is mandatory to set a deadline to amend the pleadings under Rule 16(b)(3)(A) ("The scheduling order *must* limit the time to join other parties, amend the pleadings, complete discovery, and file motions." (emphasis added)).  Since this case was filed in December 2016, an appropriate deadline for amendments to add claims or parties should be on or before June 30, 2017 (six months after filing).  Further, Plaintiff's statement that "any motions to amend filed after [the deadline should] simply be adjudicated under the standards set forth in Rule 15" is contrary to controlling Ninth Circuit authority.  Rather, amendments offered after the last date to amend the pleadings are treated as a request to modify the scheduling order and are subject to the "good cause" standard of Rule 16.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (holding that Rule 16 applied to a proposed amendment submitted after the deadline for amendments had expired); *see also Johnson v. Mammoth Recs.*, 975 F.2d

604, 608-609 (9th Cir. 1992) (observing that heightened standard applied to motion for leave to amend filed after deadline expired). In any event, given Plaintiff's statement that he does not intend to amend his complaint in any event, he has not shown that he would be prejudiced by an order setting a deadline for amendments to the pleadings in late June.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Federal Rules of Civil Procedure Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to issues reasonably evident in this case. The Parties have discussed the items identified on the Northern District's "Checklist for ESI Meet and Confer."

Defendants warrant that they have taken necessary steps to preserve all documents and other electronically-stored evidence in its possession relevant to the issues reasonably evident in this action, including the distribution of a litigation hold notice.

## VII. DISCLOSURES

The Parties exchanged initial disclosures on May 11, 2017. The parties have agreed to exchange initial disclosure document productions seven calendar days after this Court enters a protective order. The Parties have agreed to file a proposed protective order prior to the May 18, 2017 case management conference.

## VIII. DISCOVERY

The Parties have not yet exchanged written discovery requests. Plaintiff has served written discovery requests in the related state law case (discussed below), and will serve similar discovery in this case as soon as permissible under the Federal Rules.

The Parties agree that this Court should not establish a deadline for the completion of discovery until after Plaintiff's anticipated motions for conditional certification and class certification have been adjudicated by the Court. The length of

time needed for full merits and damages discovery can be more accurately determined once the scope of the action is known. The Parties agree that this Court should convene a scheduling conference after the adjudication of Plaintiff's motion for class certification in order to set deadlines for the completion of discovery and further pre-trial motions practice. The Parties anticipate discovery in the form of written interrogatories, requests for admission, requests for production of documents, and depositions, including Rule 30(b)(6) depositions and Plaintiff's deposition.

Plaintiff states that the Court should not (contrary to Defendants' request, below) enter an order bifurcating discovery in this case. This case involves only 51 potential class members, per Defendants' representations to the Court. As this Court has recognized, discovery pertaining to predominance and commonality under Rule 23 generally overlaps with merits discovery, and courts in this district liberally construe the scope of class certification discovery to ensure that plaintiffs have the documents they need to make their case for certification. *See In re: Coca-cola Prod. Mktg. & Sales Practices Litig. (No. II),* No. 14MD02555JSW (MEJ), 2016 WL 6245899, at *2 (N.D. Cal. Oct. 26, 2016). The bifurcation Defendants propose would be more likely lead to discovery disputes requiring Court intervention than if the case simply proceeds under the Federal Rules, with the parties meeting and conferring in good faith pursuant to those rules.

Defendants state that, prior to the adjudication of the motion for class certification, the scope of discovery should be reasonably limited to the issues that are relevant to the motions for conditional certification and class certification, and that discovery going solely to the merits of the class claims or to damages should be tabled unless and until a class and/or collective action have been certified. Defendants request that the Court enter an order bifurcating discovery, which limits discovery in the first phase to certification issues (including the merits of the claims of the named plaintiffs), with a cut-off date on the same date Plaintiff's Reply in support of his Motion for Class Certification is due.

The Parties have agreed to a proposed Stipulated Protective Order, which they are filing along with this Case Management Conference Statement, and which they request the Court to enter.

The Parties will seek the discovery of ESI in this case.  The Parties have discussed, and will continue to discuss and work in good faith to agree upon, the appropriate format for such production.  Plaintiff requests that documents should be produced as TIFF images with searchable OCR, along with a Summation load file containing metadata properties to be agreed upon in advance of production.  Plaintiff reserves the right to request specific records in native form when necessary (*e.g.*, Excel spreadsheets for which formulas embedded in cells are relevant).  As needed, Defendants shall confer with Plaintiff's counsel regarding the form of production of documents and information stored electronically prior to production, based on the manner in which electronically stored information is created and/or maintained by Defendants. The Parties do not see a need to enter into a stipulated e-discovery order at this time.

The Parties agree to accept service by email of any documents that otherwise could be served by U.S. mail under the Federal Rules, including initial disclosures, discovery requests and responses, motions, briefs, and the like. Electronic delivery will be treated in the same manner as hand delivery for purposes of calculating discovery response times under the Federal Rules – *i.e.*, service will be deemed to be complete on the date of transmission, with no time added to the length of time to reply as a result of the method of service.  However, except for documents filed through the Court's Electronic Case Filing system and served pursuant to Civil Local Rule 5-1 (h), email service of documents delivered after 6:00 p.m. Pacific Time will be treated as if received the following business day.  If a Party must serve a document or documents, which in aggregate exceed 10MB in size including attachments, the parties agree that such documents may be served by a file transfer service.  Emails exceeding 10MB, including attachments, should be served via alternative means and, if emailed shall be

deemed not to have been served (although if a receiving party confirms upon prompt request that the receiving party did, in fact, timely receive the email and all attachments, service will be deemed complete). Notwithstanding the provisions of this agreement, the parties may still serve any document under any means permissible under FRCP 5 and Civil Local Rule 5.

The Parties agree to designate the following individuals to receive electronic service, all of whom should be copied on any document served by email:

For Plaintiff:

| Laura L. Ho | lho@gbdhlegal.com |
| William Jhaveri-Weeks | wjhaveriweeks@gbdhlegal.com |
| Byron Goldstein | brgoldstein@gbdhlegal.com |
| Ginger L. Grimes | ggrimes@gbdhlegal.com |
| Jacqueline V. Thompson | jthompson@gbdhlegal.com |
| Efile | efile@gbdhlegal.com |

For Defendants:

| Mia Farber | farberm@jacksonlewis.com |
| Damien P. DeLaney | damien.delaney@jacksonlewis.com |
| Vi Applen | vi.applen@jacksonlewis.com |

## IX.   CLASS ACTIONS

Plaintiff's position:

Plaintiff intends to pursue his state law claims as a class action pursuant to Federal Rules of Civil Procedure Rule 23(a) & (b)(3) and (c)(4). Plaintiff seeks to represent the following class:

All persons employed by Behr Paint Corporation and/or Behr Process Corporation within the State of California as a Field Representative, Sales Representative, or Senior Sales Representative assigned to at least one Home Depot store at any time within the four years prior to the filing of the Complaint in this action.

The proposed class satisfies the numerosity prong of Rule 23(a) because (as

Defendants' witness has testified in this case) there are approximately fifty-one class members. The class is so numerous that joinder of all members would be impracticable.

The proposed Rule 23 class satisfies the commonality prong of Rule 23(a) because there are common questions of law and fact that exist as to all class members, including but not limited to: (1) whether Plaintiff and the class have established a *prima facie* case to unpaid overtime wages under the California Labor Code (and the FLSA, for purposes of Plaintiff's UCL claim based upon the alleged FLSA violation); (2) whether Defendants can satisfy their burden to prove their affirmative defenses that Reps' job duties make them exempt "outside salespersons" or exempt administrative employees under California law and the FLSA; (3) whether Reps are engaged in "making sales" for purposes of the outside sales exemptions of the California Labor Code and the FLSA; (4) whether the "commission" payments Reps receive are "commissions" within the meaning of the California "commissioned employee" exemption; (5) whether the "vehicle allowance" paid to class members is compensation for purposes of the "regular rate" used to calculate overtime wages; (6) whether Behr Process Corporation is a joint employer of the class members; (7) whether Defendants' Labor Code and FLSA violations serve as predicate violations of the Unfair Competition Law; and (8) whether Defendants can satisfy their affirmative defense that the "fluctuating workweek" doctrine applies to the overtime rate owed, given that California law does not recognize that doctrine, and federal decisions in this Circuit have held it to be inapplicable to misclassification cases.

Plaintiff's claims satisfy the typicality prong of Rule 23(a) because (1) Plaintiff is a member of the class; (2) Plaintiff's claims arise from the same practice and course of conduct that form the basis of the class claims; (3) Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; (4) there is no antagonism between the interests of Plaintiff and absent class members; (5) the injuries that Plaintiff suffered are similar to the injuries that class

members suffered.

Plaintiff satisfies the adequacy prong of Rule 23(a) because there is no conflict between Plaintiff's claims and those of other class members, and Plaintiff has retained counsel who are experienced in class actions and have successfully litigated as class counsel many prior class actions similar to this one.

This action is amenable to classwide resolution under Rule 23(b)(3) because the common questions identified above predominate over any individual questions. Although damages will have to be calculated individually, this is no bar to class certification. *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513-14 (9th Cir. 2013) (abuse of discretion to deny class certification due to need for individualized damages inquiries, noting that "damages determinations are individual in nearly all wage-and-hour class actions").  Additionally, a class action is a more efficient way of adjudicating this controversy, given the large number of class members and the potentially small amount of damages for some class members, which would make the expense and burden of individual litigation impracticable.

Defendant disputes that Plaintiff's claims are amenable to class certification. Among other things, Defendant will present evidence that the job duties of members of the class meet the requirements of at least the administrative exemption under federal and California law.  Moreover, Defendant will present evidence that, to the extent any member of the putative class dipped below the minimum requirements of the exemption, it was the result of individual circumstances rather than classwide policies. First among these is the Plaintiff himself.  Defendant will present evidence that the Plaintiff's job performance is far below the mark for individuals in the Rep position and that he has been coached on his deficient performance repeatedly.  Under recognized California authority, an employee cannot evade the effect of a valid exemption by underperforming the employer's reasonable expectations.  Because this analysis of job performance will need to be conducted with respect to each putative class member individually, a class cannot be certified.

1   The Parties ask the Court to set a deadline for filing the Rule 23 class
2   certification motion on October 31, 2017.

3   **X.    RELATED CASES**

4   Following the Court's dismissal of many of Plaintiff's state law claims, Plaintiff
5   filed a complaint in the Superior Court of the State of California in the County of
6   Alameda in *McBain v. Behr Process Corp. and Behr Paint Corp.*, Case No.
7   RG17855986.   The Complaint is a representative action under the Private Attorneys
8   General Act ("PAGA") of the California Labor Code.   It seeks civil penalties under
9   PAGA for the state law wage-and-hour violations originally pleaded by Plaintiff in this
10  case, including PAGA penalties for state overtime violations, meal and rest period
11  violations, failure to reimburse business expenses, and failure to pay all wages owed
12  upon discharge.   Plaintiff has served document requests, special interrogatories, and
13  Form interrogatories in that case. Defendants' deadline to answer the Complaint is May
14  17, 2017.

15  **XI.   RELIEF**

16  Plaintiff's Statement

17  Plaintiff seeks unpaid wages and overtime compensation, liquidated damages, and
18  attorneys' fees and costs pursuant to the FLSA section 216(b).   Additionally, Plaintiff
19  seeks unpaid overtime compensation, interest, and attorneys' fees and costs pursuant to
20  the California Labor Code, restitution and injunctive relief under the Unfair
21  Competition Law, and attorneys' fees under California Code of Civil Procedure 1021.5.

22  Without discovery into Defendants' payroll records, and before the universe of
23  the collective and class action plaintiffs is established, it is too early to estimate the total
24  damages owed.   Plaintiff may also retain an expert to compute the full extent of the
25  class's damages.

26  Defendants' Statement

27  Defendant does not seek damages, and denies that Plaintiff can recover any
28  damages. Defendant reserves the right to retain an expert to rebut any expert opinion on

1  damages offered by Plaintiff.

2  **XII.  SETTLEMENT AND ADR**

3      The Parties have not yet engaged in mediation or settlement discussions.  The

4  Parties have discussed the possibility that after some discovery has taken place, they

5  may be willing to consider whether such discussions would be productive.

6  **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

7      Both Parties have consented to magistrate jurisdiction in all proceedings in this

8  case.

9  **XIV.  OTHER REFERENCES**

10      The Parties do not believe this case is suitable to referral for binding arbitration, a

11  special master, or the Judicial Panel on Multidistrict Litigation.

12  **XV.  NARROWING OF ISSUES**

13      The Parties are not aware of any issues that can be narrowed by agreement or

14  motion at this time.  Plaintiff anticipates filing a motion for partial summary judgment

15  on the inapplicability of any overtime exemptions, but only after class certification is

16  decided.  Defendant anticipates filing a motion for summary judgment, and reserves the

17  right to do so prior to class certification.

18  **XVI.  EXPEDITED TRIAL PROCEDURE**

19      The Parties do not believe this case is appropriate for an expedited trial.

20  **XVII. SCHEDULING**

21      The Parties agree that the discovery period will begin upon the date of this Case

22  Management Conference.   The Parties agree that this Court should not establish a

23  deadline for the completion of discovery until after Plaintiff's motions for conditional

24  certification of the collective and for class certification have been decided by the Court.

25  The Parties agree that this Court should convene a scheduling conference after those

26  decisions have been made to set deadlines for the completion of discovery and

27  additional pre-trial motion practice.

28  ///

## XVIII.    TRIAL

There are both jury and non-jury claims.  The parties believe that it is too early to estimate the length of trial for this matter because it is unknown whether a class will be certified, and it is unknown how large a collective class, if any, will be certified. However, if the Court requires an estimate, the Parties agree that trial of a certified class's claims would take approximately two-to-three weeks.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All required disclosures have been filed.

## XX.  PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  May 11, 2017

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ William C. Jhaveri-Weeks
William C. Jhaveri-Weeks

Attorneys for Plaintiff and the Proposed Class

JACKSON LEWIS P.C.

/s/ Vi Applen
Mia Farber
Damien Delaney
Vi Applen

Attorneys for Defendants Behr Paint Corporation and Behr Process Corporation

4822-2473-7864, v. 1