UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCBAIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEHR PAINT CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-07036-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 48 |

## INTRODUCTION

On June 29, 2017, Plaintiff Ryan McBain filed an administrative motion to file under seal portions of his Motion for Court-Authorized Notice ("Notice Motion") and documents attached thereto.  Mot., Dkt. No. 48; *see* Notice Mot., Dkt. No. 48-3.  Plaintiff seeks to seal these documents on the basis that Defendants Behr Paint Corporation and Behr Processing Corporation (together, "Defendants") "may choose to designate [the information] as 'Confidential'" pursuant to the parties' Stipulated Protective Order.  Mot. at 1; *see* Protective Order, Dkt. No. 43.  Having considered the parties' arguments, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  To seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), a

party must "articulate compelling reasons supported by specific factual findings," *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citation omitted). Indeed, such showing is required even where "the [] motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

The strong presumption of public access to judicial documents applies to such motions because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* The presumption does not apply in the same way to motions that are "not related, or only tangentially related, to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1099. With such motions, "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party seeking to seal documents attached to such motions nevertheless must meet the lower "good cause" standard under Rule 26(c). *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). This requires the party to make a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed. *Phillips*, 307 F.3d at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks omitted; edits omitted).

## DISCUSSION

The Court applies the good cause standard to the Notice Motion, as it is only "tangentially related to the underlying cause of action." *Center for Auto Safety*, 809 F.3d at 1099. Determining whether or not to provide notice to a putative collective under the Fair Labor Standards Act, 29 U.S.C. § 201, is not "directly related to the merits of the case[.]" *Center for Auto Safety*, 809 F.3d at 1099.

Plaintiff requests to file under seal Exhibits 1-7 to the Declaration of Ryan McBain ("McBain Declaration"). *See* Mot.; McBain Decl., Dkt. No. 48-5. In compliance with Civil Local Rule 79-5(e), Defendants submit the Declaration of Damien DeLaney ("DeLaney Declaration"). *See* DeLaney Decl., Dkt. No. 55-1. Plaintiff and Defendants describe these Exhibits as follows:

2

| Exhibit | Plaintiff's Description | Defendants' Description |
|---|---|---|
| 1 | "An email to McBain (addressed to all Bay Area Sales Representatives), dated April 9, 2017, from Regional Manager Jim Belloli[.]"  Mot. at 1. | "[A]n internal company communication that contains sensitive information regarding sales and marketing matters."  DeLaney Decl. ¶ 5. |
| 2 | "An email to McBain (addressed to 'BEHRP Sales – All HD In-Store Reps & Trainers') from Vikki Hobson and its attachment[.]"  Mot. at 1. | "[A]n internal company communication that . . . contains sensitive information regarding sales and marketing matters."  DeLaney Decl. ¶ 6. |
| 3 | "McBain's job description at Behr[.]"  Mot. at 1. | "[A]n internal job description document that contains sensitive competitive information regarding the job requirements of Plaintiff's position."  DeLaney Decl. ¶ 7. |
| 4 | "Excerpts from McBain's 'Sales/Operations Standard Operating Procedures Manual[.]'"  Mot. at 1. | "[P]urports to be excerpts from a Standard Operating Procedures manual, which contains sensitive competitive information regarding sales and marketing strategy."  DeLaney Decl. ¶ 8. |
| 5 | "Excerpts from McBain's training manual titled 'Sales Training Manual[.]'"  Mot. at 1. | "[P]urports to be excerpts from a Sales Training Manual, which contains sensitive competitive information regarding sales and marketing strategy."  DeLaney Decl. ¶ 9. |
| 6 | "An email to McBain (addressed to 'BEHRP Sales – All HD In-Store Reps & Trainers') dated December 9, 2017 from Senior Vice President Kevin Jaffe and excerpts from its slideshow attachment titled 'Sales Organization Steering Committee Playbook[.]'"  Mot. at 1. | "[A]n internal company communication containing sensitive information regarding sales and marketing strategy."  DeLaney Decl. ¶ 10. |
| 7 | "The 'Sales Budget' and 'Commission Rate' figures from McBain's Compensation Letter from Behr, dated March 27, 2015."  Mot. at 1. | "[A] compensation letter to McBain dated March 27, 2015, which contains specific sales target figures which are confidential and proprietary."  DeLaney Decl. ¶ 11. |

Plaintiff also requests to seal the portions of the Notice Motion that discuss the foregoing exhibits. *See* Notice Mot. at 3-8 (redacting portions of the Motion).

Defendants request these Exhibits be sealed in their entirety.  *See* Resp. at 1, Dkt. No. 55; Dkt. No. 48-5 (proposed redactions).  DeLaney declares the Exhibits "contain[] sensitive proprietary and confidential  information relating to Defendants' sales and marketing strategy, tactics, and methods" that, if made public to their competitors, "would severely and irreparably damage Defendants' business[.]"  DeLaney Decl. ¶ 12; *see* Resp. at 3 (asserting same).

3

1    The Court DENIES the Motion.  Civil Local Rule 79-5(b) provides that any sealing
2    "request must be narrowly tailored to seek sealing only of sealable material[.]"  Having reviewed
3    the Exhibits, the Court finds not all of the information contained therein is sealable.  On the
4    contrary, it appears that some portions of the Exhibits are publicly available in the record or
5    elsewhere.

6    For instance, paragraph 12(c) of the McBain Declaration discusses the contents of the
7    "internal company communication" in Exhibit 2.  This paragraph also contains an image which
8    appears at page PL001260 of Exhibit 2.  *Compare* McBain Decl. ¶ 12(c) *with id.*, Ex. 2 at
9    PL001260.  Defendants do not request paragraph 12(c) be sealed.  Moreover, the McBain
10   Declaration suggests this image was used as part of a public display.  *See id.* ¶ 12(c) ("I also
11   assemble and put up on the store Company merchandising materials, as instructed by the
12   Company.  [] As an example, in May 2016, Behr instructed all Reps in the United States to print
13   out signs related to a Memorial Day promotion", including the image in Exhibit 2).  Defendants do
14   not offer facts to the contrary.

15   Paragraph 28 of the McBain Declaration discusses and even quotes information contained
16   in Exhibit 3.  Again, Defendants do not request paragraph 28 be sealed.  As portions of Exhibit 3
17   are available on the public docket, the Court finds no reason to seal Exhibit 3 in its entirety.

18   Exhibit 4 also appears to contain information that is publicly available.  Specifically, pages
19   PL000477 and PL000479 to Exhibit 4 consist of the title of the document—which McBain quotes
20   in his Declaration (*see* McBain Decl. ¶ 30) and which DeLaney largely includes in his Declaration
21   (*see* DeLaney Decl. ¶ 8)—and the logos of several companies.  *See* McBain Decl., Ex. 4.
22   Defendants offer no reason why this should be sealed, given that DeLaney describes the document
23   in his publicly-filed Declaration and that these logos are publicly available.

24   Given that portions of the Exhibits are publicly available elsewhere in the docket and
25   Defendants do not seek to seal them there, the Court cannot find that the request is narrowly
26   tailored or that Defendants will suffer competitive harm if the Exhibits are not sealed.
27   Accordingly, the Court DENIES the Motion to Seal WITHOUT PREJUDICE.  No later than July
28   19, 2017, Defendants may file a supplemental declaration requesting narrowly-tailored redactions

United States District Court
Northern District of California

and setting forth specific reasons for sealing.[1]  If Defendants do not file a supplemental declaration by that date, Plaintiff shall file Exhibits 1-7 in the public docket.

**IT IS SO ORDERED.**

Dated: July 11, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] DeLaney declares Plaintiff did not meet and confer with Defendants prior to filing the Motion, as required by Civil Local Rule 7-11.  DeLaney Decl. ¶ 3; *see* Civ. L.R. 7-11(a) ("A motion for an order concerning a miscellaneous administrative matter . . . must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained."); Civ. L.R. 79-5(d)(1) ("A party seeking to file a document, or portions thereof, under seal . . . must . . . [f]ile an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11.").  Consequently, "Defendants have had no opportunity to designate [the documents at issue] as Confidential pursuant to the protective order."  DeLaney Decl. ¶ 3.  Plaintiff did not respond to this assertion, and Plaintiff's Motion to Seal does not indicate that he sought to obtain a stipulation for Defendant.

The Court also notes Plaintiff's unredacted version of the Notice Motion does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version[.]"  Civ. L.R. 79-5(d)(1)(D); *see* Dkt. No. 48-4 (unredacted version of Notice Motion).

Based on the foregoing, the Court ORDERS Plaintiff to review the Civil Local Rules.  The Court warns Plaintiff that it will not consider any future motions to seal that do not comport with the applicable Civil Local Rules.