UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCBAIN,<br><br>        Plaintiff,<br><br>    v.<br><br>BEHR PAINT CORPORATION, et al.,<br><br>        Defendants. | Case No. 16-cv-07036-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 48 |

## INTRODUCTION

On July 11, 2017, the Court denied Plaintiff Ryan McBain's Motion to File under Seal portions of his Motion for Court-Authorized Notice ("Notice Motion") and exhibits 1 through 7 to the McBain Declaration in support of the Notice Motion. Order, Dkt. No. 58; *see* Mot. to Seal, Dkt. No. 48. Counsel for Defendants Behr Paint Corporation and Behr Process Corporation (together, "Defendants") argued the exhibits should be sealed in their entirety because they contained "sensitive proprietary and confidential information relating to Defendants' sales and marketing strategy, tactics, and methods." First DeLaney Decl. ¶ 12, Dkt. No. 55-1.

The Court found Defendants had not met their burden of demonstrating the information was sealable. Order at 4-5. Notably, Defendants' request to seal was inconsistent: while Defendants sought to seal information in the exhibits, they did not request to seal portions of the publicly-filed McBain Declaration which discussed and even quoted the same information. *See id.* at 4 (citing McBain Decl. ¶¶ 12(c), 28, 30, Dkt. No. 48-5 (redacted version)). In denying the Motion, the Court permitted Defendants to file a supplemental declaration by July 19, 2017 "requesting narrowly-tailored redactions and setting forth specific reasons for sealing." *Id.* at 4-5.

On July 20, 2017, Defendants filed the Declaration of Damien DeLaney. *See* Second

DeLaney Decl., Dkt. No. 61.  DeLaney declares Exhibits 1 and 3-7 and portions of the Notice Motion "contain[] sensitive proprietary and confidential information relating to Defendants' sales and marketing strategy, plans, and methods.  It would severely and irreparably damage Defendants' business if this information became public and accessible to Defendants' competitors."  *Id.* ¶ 11.  The Court considers each exhibit and relevant portion of the McBain Declaration below.

## DISCUSSION

The Court applies the good cause standard to the Notice Motion, as it is only "tangentially related to the underlying cause of action."  *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).  Determining whether or not to provide notice to a putative collective under the Fair Labor Standards Act, 29 U.S.C. § 201, is not "directly related to the merits of the case[.]"  *Center for Auto Safety*, 809 F.3d at 1099.

As an initial matter, Defendants do not request to seal Exhibit 2.  *See* Second DeLaney Decl.  Accordingly, the Court DENIES the Motion as to Exhibit 2.

As to the remaining exhibits, the Court finds Defendants have not set forth specific reasons for sealing.  DeLaney's broad assertion that Defendants' business will be harmed if this information is publicly disclosed is "unsubstantiated by specific examples or articulated reasoning, [and] do[es] not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see* Fed. R. Civ. P. 26(c).  DeLaney does not, for instance, explain how Defendants would be harmed if information about its sales and marketing practices were made public.  This falls short of the requisite "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).[1]

---

[1] Moreover, the Court notes inconsistencies in Defendants' request.  Exhibit 3 consists of "a confidential and proprietary internal job description" which "contains specific information about the job functions, necessary skills, and necessary experience for the sales representative position as [it] relates to Behr Paint's sales and marketing strategies, plans, and methods."  Second DeLaney Decl. ¶ 6.  The Court previously noted that "[p]aragraph 28 of the McBain Declaration discusses and even quotes information contained in Exhibit 3" but that "Defendants d[id] not

As such, the Court DENIES the Motion to Seal.  Plaintiff shall file the Notice Motion and the exhibits to the McBain Declaration in the public docket within seven days of this Order.  *See* Civ. L.R. 79-5(f)(3).

**IT IS SO ORDERED.**

Dated: July 24, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

request paragraph 28 be sealed." Order at 4.  DeLaney's assertion that the entirety of Exhibit 3 "contains sensitive competitive information" is therefore undermined by the fact that Defendants do not request to seal paragraph 28 of the McBain Declaration.  *See* Second DeLaney Decl. Defendants cannot plausibly argue they will suffer competitive harm if Exhibit 3 is not sealed yet also allow some of the information contained therein to appear elsewhere in the public record.

3